THE BOARD OF 'EDUCATION OF THE CITY OF PARSONS
v. EDGAR W. CLARK *et al.*

**No. 12,471.** ( 67 Pac. 862.)

SYLLABUS BY THE COURT.

PRACTICE, SUPREME COURT—*Estoppel by Pleadings in Trial Court—Inconsistent Claims.* A party litigant must not assume inconsistent positions in the litigation. Hence, when the owner of property, by its pleadings in the trial court, affirms the existence of certain mechanics' liens thereon, alleging the existence of the same as a breach of the obligation of a contractor's bond conditioned to construct and turn over to the owner a building on such property free from liens, and demands judgment for damages for such breach against the contractor and his bondsmen; and when the contractor, by his answer to such pleading, specifically and positively challenges the validity of such liens, and the owner by reply takes issue thereon, and after judgment is entered upholding such liens, the latter alone prosecutes error to this court, it will not be heard to dispute with the claimants the validity of their liens. Its position assumed in this court is entirely inconsistent with that taken in the trial court.

Error from Labette district court; A. H. SKIDMORE, judge. Opinion filed February 8, 1902. Affirmed.

*Webb & Iden,* for plaintiff in error.

*Kimball & Osgood,* and *C. Lincoln McGuire,* for defendants in error.

The opinion of the court was delivered by

POLLOCK, J. : The board of education of the city of Parsons contracted with W. Fleming to erect a school building according to plans and specifications thereto attached, and took from Fleming a bond conditioned, among other things, to construct said building, and by a day certain, therein specified, to turn over the building to the board free and clear of all liens and encumbrances of every kind and nature. Under this contract

Board of Education v. Clark.

the building was constructed.   Many subcontractors, furnishers of lumber and other materials used in the construction of the building, and day laborers, artisans, and others performing work and labor upon the building, for the purpose of securing the amounts due them from the contractor, filed mechanics' liens against the property.   This action was brought by a firm of sub-contractors against the contractor, the board of education, and all others claiming an interest in or liens upon the building, to obtain a decree of foreclosure of the lien filed.   All defendant subcontractors filed cross-petitions to obtain foreclosure of their liens.   The board of education filed a pleading styled an ''answer and cross-petition,'' containing a general denial by way of answer to the petition, and a general denial by way of reply to the cross-petitions of codefendant lienors, and a cross-petition against contractor Fleming, alleging a breach of the conditions of the contractor's bond; demanding an award of damages for such breach; an accounting with the contractor; the bringing into the action the bondsmen of the contractor; and judgment against the contractor and his bondsmen for any sum awarded, after deducting the amount of the contract-price remaining in its hands unpaid from the amount of liens established against the building, and the damages received by it by reason of the breach of the bond. This pleading specifically alleges, as ground of affirmative relief and as a breach of the obligation of the contractor's bond against the contractor and his bondsmen, the following:

''This defendant further avers that said Fleming did not, as by his contract he was required, turn over said building at any time free and discharged of liens for material and labor furnished, used and performed in and about the construction thereof, but, on the contrary, said building, when the same was delivered to

said board, was encumbered by liens and statements thereof which were filed in the office of the clerk of the district court for Labette county, Kansas, as follows.''

There follows this allegation specific mention of all lien claimants and amounts of liens claimed by the several parties claimant in the action. To this cross-petition, Fleming, the contractor, answered as follows :

''And this defendant says that when he did turn over the said building there were no liens of any kind or character upon said building for material and labor furnished and used and performed in and about the construction thereof, that there are not now, neither have there been at any time, any valid and lawful subsisting liens against the said building, and that the purported liens, which are claimed by his codefendants as valid and subsisting liens upon the real estate described in the contract, and the purported liens claimed by the plaintiffs in this action are not legal and subsisting liens against the said premises, but that such purported liens are wholly insufficient in form and matter to constitute and create any kind of a lien or encumbrance upon the said premises and constitute no defense to this action for the said defendant the board of education herein.''

To this answer the board of education replied as follows :

''Now comes the defendant the board of education, and for answer and reply to the answer and cross-petition of said defendant Fleming filed in said action, denies each and every allegation, matter and thing in said answer and cross-petition contained stating or tending to state any cause of action or defense as against said defendant, the board of education of the city of Parsons.''

The case being called for trial, the following application and order thereon were made :

''Counsel for board of education then made appli-

Board of Education v. Clark.

cation to the court for continuance of this case as be-
tween Fleming and the bondsmen, in order to make
the bondsmen of Fleming parties to the suit.   Motion
was by the court denied and case proceeds to trial
upon the issues as now formed, and then any litigation
desired hereafter between Fleming and bondsmen can
be adjudicated and adjusted when reached.''

The trial resulted in personal judgment against the
con ractor for the amount of all unpaid claims, and a
decree of foreclosure of the liens against the board of
education.   The board alone brings error.

The single contention of counsel for plaintiff in er-
ror relied upon to work a reversal of the judgment is
that, as to certain of the liens filed, no notice of the
filing of the same was given to the board, as prescribed
by statute ; the more exact contention being that, as
to certain of the lien claimants, the only notice given
of the filing of the liens was the service upon the board
of copies of the statements of the liens filed on the day
prior to the filing of the original statements of liens
in the office of the clerk of the district court ; that the
copies of the statements of· liens so served upon the·
board as notice of the filing of the lien under the stat-
ute nowhere contain the recitals that liens *had been*
*filed*, as prescribed by statute ; that in consequence
thereof, the statute not having been complied with in
the giving of notice of lien, the pretended lien is void.

Before entering upon a consideration of this ques-
tion, it is well to inquire whether plaintiff in error is
in a position to question the validity of such liens or
the judgment rendered thereon.   Is the position as-
sumed by plaintiff in error consistent with that taken
by it in the trial court ?   The lengthy quotations made
from the pleadings and proceedings in the trial court
show not only that the board in the court below, at
least impliedly in its cross-petition against the con-

28—64 KAN.

tractor, affirmed the validity of such liens now assailed on account of want of notice, and asked affirmative relief against the contractor, based on the theory of the validity of such liens, but, when the validity of these liens was directly and positively challenged by the answer and cross-petition of the contractor, the board, in reply thereto, took issue with the attack so made upon the validity of the liens by the contractor.   That such an assumption of inconsistent positions in the same litigation is not permissible and will not be allowed is well settled, both on principle, and by the authorities.   In the case of *Watkins v. National Bank*, 51 Kan. 254, 32 Pac. 914, this court held : "Facts conceded by the pleadings and accepted as true in the district court cannot be made subjects of controversy in the supreme court."   Mr. Elliott, in his work on Appellate Procedure, section 490, says :

"The strong current of authority carries the general principle stated to its logical conclusion, for the courts are well agreed upon the doctrine that the theory acted upon in the lower court must be adhered to in the higher.   The rule that the theory acted upon in the trial court must be adhered to upon appeal finds expression in various forms, but the meaning conveyed, whatever the form of words employed may be, is essentially the same.   Some of the courts express the rule by saying that new issues cannot be made on appeal ; others give it expression by saying that there can be no change of base on appeal ; and others by some such expression as that the matter was not contested below and it cannot be contested above."

The same author, at section 496, says :

"The rule under discussion is no more than an application of the familiar doctrine of election which has its foundation in the old adage that a man cannot blow both hot and cold, and hence there is nothing novel in it.   The rule is one required by logic and by practical considerations, since, without it, inconsist-

ent positions might be assumed without any other restriction than that of the party's pleasure. But it is something more than a mere logical rule for securing consistency, inasmuch as its principal purpose is to prevent deception, since, without it, parties might mislead their adversaries by assuming one position in the trial court and another on appeal. Nor could there be an orderly administration of justice without such a rule. It does not, therefore, rest solely upon the principle that only questions once decided can be reviewed on appeal, although that principle gives it strong support.''

It would be most inequitable and unjust to permit plaintiff in error in the trial court to affirm the validity of these liens for the purpose of enlarging its recovery against the contractor and his bondsmen, and in the same litigation to seek in this court to relieve its property from liability and defeat the lien claimants by denying the validity of such liens on account of want of notice of their filing. This may not be done. The contractor, while made a party to this proceeding in error, does not complain of the judgment rendered against him, and, indeed, it may be doubted whether he would be in position to contest the validity of the personal judgment rendered against him, or the validity of the liens filed, as the only purpose for which he attempted to contest the validity of such liens was to defeat the claim made in the cross-petition of plaintiff in error in the trial court.

A preliminary motion to dismiss, challenging the jurisdiction of this court to review the judgment rendered, has been presented. The question of the insufficiency of the record to review the judgment rendered, in the view we have taken of the case, has become unimportant, and is, therefore, not decided.

The judgment is affirmed.

Doster, C.J., Smith, J., concurring.